IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **HENRY MOORE** § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23cv652 |
| § | |
| **SHERIFF DENTON COUNTY** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Henry Moore, proceeding *pro se*, filed the above-styled and numbered petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. BACKGROUND**

Petitioner is in the custody of the Denton County Jail awaiting trial.[1] He is challenging his pending state felony charge for aggravated assault with a deadly weapon and is seeking dismissal of "all pending offenses." (Dkt. #1, p. 8). In his federal petition, Petitioner complains that he was improperly extradited from Tennessee to Texas, that his speedy trial rights have been violated, that the "indictment is not sufficient," that he "has a defense to prosecution," that his competency adjudication is a "false presumption," and that his counsel rendered ineffective assistance. As he is a pre-trial detainee, Petitioner properly requested pre-trial habeas relief under 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) ("Pre-trial petitions . . . are properly

---

[1] A review of the online records for Denton County shows that Petitioner's case has not yet been set for trial.

1

brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.").

## II. EXHAUSTION OF STATE REMEDIES

Federal courts may not consider pre-trial habeas corpus petitions from state prisoners unless all available state habeas corpus procedures have been exhausted. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Furthermore, even if state procedures have been exhausted, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 489 (1973).

To exhaust state remedies, a petitioner must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). The Fifth Circuit has made it clear that, in Texas, all claims must be presented to, and ruled on by, the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985). State remedies are ordinarily not considered exhausted if the petitioner may effectively present his claims to state courts by any currently available and adequate means. *Braden*, 410 U.S. at 489. It should be noted that a federal habeas corpus petitioner fails to exhaust his state remedies when he relies on a different legal theory than that presented in state court, or when he makes the same legal claim to a federal court but supports the claim with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1987).

In Texas, the proper procedures for pre-trial habeas corpus petitions are found in Tex. Code Crim. Proc. Ann. articles 11.08, 11.10, *et seq. See also State v. Lee*, 15 S.W.3d 921 (Tex. Crim. App. 2000); *Smith v. Gohmert*, 962 S.W.2d 590 (Tex. Crim. App. 1998); *Shirley v. Sheriff, Smith*

*Cnty.*, No. CIVA 6:06CV75, 2006 WL 1720615, at *2 (E.D. Tex. June 20, 2006). Specifically, the Texas Code of Criminal Procedure provides that a person who is confined after indictment on a felony charge may apply for a writ of habeas corpus in the district court in which he is indicted. Tex. Code Crim. Proc. Ann. art. 11.08. If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n.5 (Tex. Crim. App. 1981) (citations omitted)); *Bingham v. King*, No. 3:20-CV-1869-S-BK, 2020 WL 5913670, at *2 (N.D. Tex. July 24, 2020), *report and recommendation adopted*, No. 3:20-CV-1869-S-BK, 2020 WL 5913424 (N.D. Tex. Oct. 6, 2020).

A review of the online records for the Denton County District Court and the Texas appellate courts shows the following: on March 7, 2023, Petitioner filed a motion for habeas corpus in the Denton County District Court; on May 25, 2023, Petitioner filed another application for writ of habeas court in the Denton County District Court; on July 12, 2023, the Texas Court of Criminal Appeals denied without written order Petitioner's motion for leave to file an original application for writ of habeas corpus, Case No. WR-94,765-01; and on December 6, 2023, the Texas Court of Criminal Appeals again denied without written order Petitioner's second motion for leave to file an original application for writ of habeas corpus, Case No. WR-94,765-02. "A denial of a motion for leave to file is not a ruling on the merits of a writ of habeas corpus." *Hutchinson v. Sheriff, Collin Cnty.*, No. 4:11CV394, 2011 WL 2601524, at *1 (E.D. Tex. June 30, 2011). As discussed above, the proper procedures for pre-trial habeas corpus petitions can be found in articles 11.08, 11.10, *et seq*. of the Texas Code of Criminal Procedure.

Furthermore, if a Texas criminal defendant's right to a speedy trial has been violated, he may file a motion to set aside the indictment pursuant to Article 27.03 of the Texas Code of Criminal Procedure. *See Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998). Or he may assert his right to a speedy trial in a petition for writ of mandamus to the Texas Court of Criminal Appeals. *See Chapman v. Evans*, 744 S.W.2d 133, 138 (Tex. Crim. App. 1988) (granting the relator's request for a writ of mandamus to compel the district court to set his case for trial); *Thomas v. Stevenson*, 561 S.W.2d 845, 846-47 (Tex. Crim. App. 1978) (concluding that the Texas Court of Criminal Appeals has authority to issue writs of mandamus to compel a speedy trial in a criminal case); *see also Smith v. Gohmert*, 962 S.W.2d 590, 593 & n.7 (Tex. Crim. App. 1998) (distinguishing between the availability of mandamus relief to compel a speedy trial from the availability of mandamus relief to compel dismissal on speedy trial grounds, the latter of which is not available). To the extent Petitioner complains about undue delay, Texas has adequate and effective state procedures for obtaining a speedy trial. Petitioner does not indicate, and the online state court records do not show, that he has filed a formal motion for a speedy trial. Thus, it appears that neither the trial court nor the Texas Court of Criminal Appeals has had the opportunity to resolve this issue.

Petitioner has not exhausted all habeas corpus remedies available in state court. The Fifth Circuit Court of Appeals has held that in a pre-trial application for a writ of habeas corpus, federal courts must abstain from the exercise of jurisdiction if the issues raised in the petition may be resolved either by a trial on the merits in state court or by other state procedures available to the petitioner. *Dickerson*, 816 F.2d at 225. Petitioner fails to show an absence of available state court corrective processes or circumstances rendering such processes ineffective to protect his rights. *Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996). Because federal courts may not consider

4

pre-trial habeas corpus petitions from state prisoners unless all available state habeas corpus procedures have been exhausted, *Dickerson* 816 F.2d at 225, the § 2241 petition should be dismissed for failure to exhaust state habeas corpus remedies.

Furthermore, even if Petitioner had exhausted all of his state pre-trial habeas corpus remedies, relief should be denied because the claims raised by him do not constitute "special circumstances" warranting federal pre-trial habeas corpus relief. *See Braden*, 410 U.S. at 489; *Dickerson* 816 F.2d at 229; *Hutchinson*, No. 4:11CV394, 2011 WL 2601524, at *2. The Supreme Court made a distinction between a petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" when litigating a speedy trial defense before the petitioner goes to trial, *see Braden*, 410 U.S. at 490, and "one who seeks only to enforce the state's obligation to bring him promptly to trial," *id.* (citing *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit in *Brown v. Estelle*, 530 F.2d 1280, 1282-83 (5th Cir. 1976), held that the distinction is based on the type of relief requested by the petitioner. If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Id.* If the petitioner is attempting to "force the state to go to trial," then he is merely seeking to force the state to fulfill its obligation to provide petitioner with a prompt trial. *See id.* Based on Petitioner's request to dismiss "all pending offenses," it appears that Petitioner is attempting to "abort a state proceeding or disrupt the orderly functioning of state judicial processes." *Id.* Therefore, habeas corpus is not an available remedy.

In sum, Petitioner's petition for federal habeas corpus relief should be dismissed without prejudice because he has failed to exhaust state remedies and his claims are insufficient under *Braden* to justify federal habeas relief. Pre-trial habeas relief is not available to consider his claims

under the circumstances of this case, as federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Dickerson*, 816 F.2d at 229.

## III. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be dismissed without prejudice.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of January, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE