IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| HENRY MOORE | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23cv652 |
| | § | |
| SHERIFF DENTON COUNTY | § | |

## ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Aileen Goldman Durrett, who issued a Report and Recommendation ("the Report") concluding that the petition for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state habeas corpus remedies. (Dkt. #33). Petitioner filed objections to the Report. (Dkt. ##34, 35).

In the objections, Petitioner disputes the Magistrate Judge's finding that exhaustion is required for a pre-trial detainee under 28 U.S.C. § 2241. Petitioner's objection is without merit. Despite the absence of an exhaustion requirement in the statutory language of § 2241(c)(3), case law has developed, holding that although § 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). This exhaustion doctrine was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process. *See id.* at 225.

Alternatively, to excuse his failure to meet any exhaustion requirement, Petitioner asserts that he has been denied access to the courts because his court-appointed attorney refuses to present

or file "motions or writs" on his behalf and the state courts will not consider his *pro se* pleadings. These circumstances, however, do not warrant federal court interference in the normal functioning of the state's criminal processes. *See Walker v. Anderson*, No. CIV.A. 4:04-CV-0245-, 2004 WL 1454402, at *2 (N.D. Tex. June 28, 2004), *report and recommendation adopted sub nom. Walker v. Dretke*, No. 4:04-CV-245-A, 2004 WL 1672220 (N.D. Tex. July 22, 2004) (citing *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980)). Further, even if one or more of the claims presented in Petitioner's federal petition constitute possible defenses to the state charges, a federal court should abstain from considering those claims out of deference to the state courts. Texas has adequate and effective state procedures for review of Petitioner's constitutional claims in the event he is convicted of the present charges. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 493 (1973).

The Report of the Magistrate Judge, which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Petitioner to the Report, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

It is accordingly **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED** without prejudice.

It is further **ORDERED** that all motions not previously ruled on are hereby **DENIED**.
 **SIGNED this 28th day of March, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE